IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

CHRISTOPHER CONWAY,                    )    Civil Action No. 1:24-CV-00078-CBB
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )    United States Magistrate Judge
                                       )    Christopher B. Brown
SUPERINTENDENT RANDY IRWIN,            )
CO MOWREY, CO HIMES, CO                )
SLOUTHER, CO CROSE, CO                 )
RICHARDS, LT. WALKER, LT               )
LOWE, CO YOUNG, CO YOUNT, CO           )
KOIL, CO HANES, LT FELDOR, CO          )
BLUM, CO BARGER, CO                    )
MUNKSGARD, CO MCCRACKEN, CO            )
RANKINI, CO GUARNIERI, CO              )
BABCOCK,                               )
                                       )
            Defendants,                )

**MEMORANDUM OPINION[1] ON DEFENDANTS'
PARTIAL MOTION FOR SUMMARY JUDGMENT ECF NO. 50**

## I.    Introduction

Plaintiff Christopher Conway ("Conway"), proceeding pro se and in forma

pauperis, initiated this 42 U.S.C. § 1983 civil action on March 15, 2024.  ECF No. 1.

Conway, then an inmate at SCI-Forest, brings numerous constitutional claims

against Defendants, who are staff at that facility.[2]  In the Second Amended

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

[2]    Defendants informed the Court that certain Defendants' names are spelled incorrectly on the docket.  The Court will refer to them with the correct spelling here.  Accordingly "Defendant Koil"

Complaint, Conway does not set forth specific claims.  Rather, he makes a number of allegations against Defendants within his "Statement of Facts" which alleges Defendants either threatened him, deprived him of meals, labeled him as a "rat" or a "snitch," used excessive force, or turned a blind eye to the abuse.  ECF No. 32.  The Court construes these allegations to include claims of deliberate indifference, failure to protect, retaliation, civil conspiracy, cruel and unusual punishment, sexual assault, excessive force, and defamation/libel.

Conway seeks compensatory damages, punitive damages, and fees.  *Id.* at 2.  This court has subject matter jurisdiction under 28 U.S.C. § 1331.  Presently pending before the Court is Defendants' Motion for Summary Judgment, which the Court deems to be a partial motion as it seeks summary judgment on some, but not all, of Conway's claims as set forth in the chart below.  ECF No. 50.  The Motion is fully briefed and ripe for consideration.  ECF Nos. 50-53, 66-67.  In addition to seeking summary judgment against Defendant Irwin on all claims against him, Defendants move for summary judgment on the following claims either on the merits or based on exhaustion:

| Claim | Defendant | Against Whom Defendants are Seeking Dismissal on the Merits | Against Whom Defendants are Seeking Dismissal on Exhaustion |
|---|---|---|---|
| Deliberate Indifference (Verbal Harassment) | Mowrey, Yount, Himes, Young, | Mowrey, Yount, Himes, Young, Walker, Richards | Yount, Himes, Young, Walker, Richards |

---

will be referred to in this Opinion as Defendant Coyle, and "Defendant Slouther" will be referred to in this Opinion as Defendant Slother.

|  | Walker, Richards |  |  |
|---|---|---|---|
| Failure to Protect | Hanes, Coyle |  | Hanes, Coyle |
| Retaliation | Mowrey, Yount, Himes, Young, Crose, Lowe |  | Yount, Himes, Young |
| Civil Conspiracy | Mowrey, Yount |  | Yount |
| Cruel & Unusual Punishment (Deprivation of Food) | Mowrey, Yount, Himes | Mowrey, Himes | Yount |
| Sexual Assault | Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock |  |  |
| Excessive Force | Crose, Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock, Slother |  | Slother |
| Defamation/Libel | Himes, Young, Walker, Richards |  | Himes, Young, Walker, Richards |

For the reasons below, Defendants' Partial Motion for Summary Judgment is granted in part and denied in part:

- Defendants' Motion for Summary Judgment on all claims against Defendant Irwin is GRANTED and he will be dismissed from the lawsuit;

- Defendants' Motion for Summary Judgment as to Conway's failure to exhaust some claims against Defendant Himes and all claims against Defendants Yount, Young, Walker, Richards, Hanes, Coyle, and Slother is DENIED <u>without prejudice</u> to reassert after a *Small* evidentiary hearing;

- Defendants Motion for Summary Judgment on all Eighth Amendment claims based on verbal harassment against Defendants Mowrey, Yount, Himes, Young, Walker, and Richards will be GRANTED;

- Defendants' Motion for Summary Judgment on all Eighth Amendment claims based on the deprivation of meals against Defendants Mowrey, Himes, and Yount will be GRANTED.

In an effort to keep the record clear since the Defendants' only moved for

summary judgment on some but not all claims, the Court notes the following claims

remain active in the case:

- Conway's sexual assault and excessive force claims against Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri survive summary judgment;

- Conway's excessive force and retaliation claims against Defendant Crose survive summary judgment;

- Conway's retaliation claim against Defendant Lowe survives summary judgment;

- Conway's retaliation claims against Defendants Mowrey, Himes, and Yount to the extent they are based on verbal harassment or deprivation of food survive summary judgment pending the *Small* evidentiary hearing;

- Conway's conspiracy claims against Defendants Mowrey and Yount for conspiring to deprive him of food survive summary judgment pending the *Small* evidentiary hearing;

- Conway's claims against Defendants Himes, Young, Walker, and Richards for defamation/libel for labeling him as either a "rat" or a "snitch" survive summary judgment pending the *Small* evidentiary hearing.

By separate Order, the Court will schedule a conference with the Parties to

discuss the *Small* evidentiary hearing prior to setting a hearing date.

## II.    Factual Background and Overview of Claims

Conway is bringing claims for deliberate indifference, failure to protect,

retaliation, civil conspiracy, cruel and unusual punishment, sexual assault,

excessive force, and defamation/libel.  ECF No. 32 at 2.  Conway does not specify which claims he is bringing against which Defendant.  *Id.*  Since Conway is representing himself pro se, the Court will liberally construe the Complaint.  *See Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010).

Defendants are moving for summary judgment on some but not all claims asserted against them in the Second Amended Complaint.  ECF No. 51 at 2. Accordingly, as neither their briefing nor their Statement of Material Facts encompasses all allegations in the Second Amended Complaint, the Court refers below to Second Amended Complaint as needed.  The following facts are derived from the Second Amended Complaint and the Defendants' Concise Statement of Material Facts.

As a matter of organization, the facts related to Conway's claims have been put into sequential events beginning with his filing a grievance against a correctional officer and the alleged retaliation by that correctional officer and others that ensued.

### a. Grievance #1072166:

On January 26, 2024, Conway filed Grievance # 1072166 alleging that a correctional officer, Defendant Mowery, threatened him.  *See* ECF No. 53-4 at 2. *See also* ECF No. 52 at ¶¶ 30-33; ECF No. 67 at ¶¶ 30-33.  The Parties do not dispute this grievance was filed nor do they dispute that Conway appealed its denial through the final appeal.  *Id.*

### b. February 8, 2024

Conway alleges that, beginning on February 8, 2024, a number of Defendants began retaliating against him in a number of different ways for filing the January 26, 2024 grievance. ECF No. 32 at ¶ 1. The retaliation resulted in a variety of claims against individual Defendants, which Defendants collectively move for partial summary judgment as follows:

Defendant Mowrey:

On February 8, 2024, Conway alleges Defendant Mowrey was the first to retaliate by calling him names, telling him to kill himself because Conway "likes filing paperwork," and "conspired" with Yount to deny Conway lunch that day. *Id.* at ¶¶ 2-4; 5-8. The Court construes this as claims for deliberate indifference, cruel and unusual punishment, retaliation, and civil conspiracy. Defendants seek summary judgment on the deliberate indifference and cruel and unusual punishment claims against Mowrey; they do not seek summary judgment on Conway's retaliation claim. ECF No. 51.

Defendant Yount:

That same day, Defendant Yount conspired with Defendant Mowrey to harass Conway, threaten him, and deprive him of lunch in retaliation for filing grievances. ECF No. 32 at ¶ 50. The Court construes this as claims for deliberate indifference, cruel and unusual punishment, retaliation, and conspiracy. Defendants seek summary judgment as to Yount on exhaustion and deliberate indifference. ECF No. 51 at 3-12. Defendants do not move for summary judgment

6

on Conway's retaliation, cruel and unusual punishment, or conspiracy claims against Defendant Yount.  *Id.*

Defendant Himes:

That same day, Defendant Himes retaliated against Conway for filing grievances by calling him a "rat" or a "snitch," threatening him, and denying him his dinner tray.  ECF No. 32 at ¶¶ 10-13.  The Court construes these as claims for deliberate indifference, cruel and unusual punishment, retaliation, and defamation/libel.  Defendants seek summary judgment as to Himes on exhaustion, as well as for the deliberate indifference and cruel and unusual punishment claims. ECF No. 51 at 3-12.  Defendants have not moved for summary judgment on the retaliation and defamation/libel claims.  *Id.*

Defendant Young:

That same day, Conway alleges Young called him a "rat," and told Defendant Crose to slam Conway's hand in the wicket all in retaliation for filing grievances. ECF No. 32 at ¶¶ 9, 14.  The Court construes these as claims for retaliation, deliberate indifference, and defamation/libel.  Defendants seek summary judgment as to Young on exhaustion and deliberate indifference.  ECF No. 51 at 3-12. Defendants do not move for summary judgment on Conway's retaliation or defamation/libel claims against Young.  *Id.*

Defendant Crose:

That same day, Conway alleges Defendant Crose slammed Conway's arm in the wicket in the door, with "reckless and malicious intent" to injure him.  ECF No.

32 at ¶ 15.  Conway alleges Crose told him "this is what happens when you file paperwork."  *Id.* at ¶ 16.  The Court construes this as claims for excessive force and retaliation.  Defendants do not move for summary judgment on any claim involving Crose, including on the basis of exhaustion.  *See generally*, ECF No. 51.

Defendant Lowe:

That same day, Conway alleges Defendant Lowe arrived right after Crose had slammed his hand in the wicket on February 8, 2024, and that Lowe told Conway that he "ain't learn yet about filing paperwork," and that he would not help him because he "filed grievance on my officers."  ECF No. 32 at ¶¶ 17-18.  Lowe then called the extraction team on him in retaliation for filing the grievances.  *Id.* at ¶¶ 19.  The Court construes this as a retaliation claim.  Defendants do not move for summary judgment on any claim involving Lowe, including on the basis of exhaustion.  *See generally*, ECF No. 51.

Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock:

That same day, Conway alleges the "Extraction Team" made up of Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock ( used excessive force against him in a cell extraction and caused him bodily harm.  ECF No. 32 at ¶¶ 19-25.  He also alleges Defendant Guarnieri sexually assaulted him during the cell extraction, *Id.* at ¶¶ 24-25, and that Defendant Feldor turned a blind eye to the situation.  *Id.* at ¶ 25.  Based on these allegations, Conway brings claims of excessive force and sexual assault.  Defendants

do not move for summary judgment on any claims against these Defendants, including on the issue of exhaustion. *See generally* ECF Nos. 50-51.

### c. Grievance # 1073594:

Following the alleged retaliatory events on February 8, 2024, Conway filed Grievance # 1073594 (dated Feb. 9, 2024). *See* ECF No. 53-5 at 2-15. *See also* ECF No. 52 at ¶¶ 34-52; ECF No. 67 at ¶¶ 34-52. This grievance deals with the allegations from prior day against Defendants Mowrey, Himes, Crose, Yount, and the Extraction Team – Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock. *Id. See also* ECF No. 52 at ¶¶ 34-52; ECF No. 67 at ¶¶ 34-52. In the grievance, Conway alleged retaliation, threats, name calling, denial of meals, excessive force, and assault. *Id.* The Parties do not dispute Conway appealed the denial of this grievance through the final appeal. ECF No. 52 at ¶¶ 42-44; ECF No. 67 at ¶¶ 42-44. The Parties do, however, dispute whether Conway sufficiently exhausted his claims against Defendants Yount, Young, Himes, Walker, Richards, Hanes, Coyle, and Slother because this Grievance does not fully discuss their conduct. ECF No. 53-5 at 2. As discussed below, Conway argues that he supplemented Grievance # 1073594 via a video interview during an investigation into the grievance to include allegations against each of the Defendants. ECF Nos. 66 at 2-6; 53-5 at 11.

### d. February 9, 2024 - Allegations

Conway next alleges that on February 9, 2024, Defendants Walker and Richards intentionally put his life in jeopardy by labeling him as a "rat" and "snitch" to incite other inmates to harm him when Defendants accompanied Conway

to the nurse after his alleged assault.  ECF No. 32 at ¶¶ 29-31.  The Court construes these as claims for deliberate indifference and defamation/libel.  Defendants seek summary judgment as to Walker and Richards on exhaustion and deliberate indifference; they do not move for summary judgment on the defamation/libel claim. ECF No. 51 at 3-12.

### e.  February 12, 2024 - Allegations

Conway further alleges that on February 12, 2024, while accompanying him to the hospital following his alleged assault, Defendant Slother threatened to kill him, and that Defendants Hanes and Coyle looked the other way.  ECF No. 32 at ¶¶ 35-38.  The Court construes this as a claim for excessive force against Slother and failure to protect claims against Hanes and Coyle.  Defendants seek summary judgment against these Defendants on the basis of exhaustion and do not address the claims on the merits.  ECF No. 51 at 3-9.

### f.  Defendant Irwin – Allegations

Lastly, Conway has only one allegation in the Second Amended Complaint related to Defendant Irwin.  Conway alleges that he "sent the Superintendent R. Irwin a request slip pertaining to the incident that occurred on 2/8/24."  ECF No. 32 at ¶ 45.  Defendants seek summary judgment on all potential claims against Defendant Irwin on the merits – arguing a lack of personal involvement – and on the issue of exhaustion.  ECF No. 51 at 14-17.

## III.  Standard of Review

The standard for assessing motions for summary judgment is well-settled. Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must ask whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In making this determination, "all reasonable inferences from the record must be drawn in favor of the nonmoving party and the court may not weigh the evidence or assess credibility." *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (cleaned up). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S at 247-48. An issue is "genuine" if a reasonable jury could hold in the nonmovant's favor with respect to that issue. *Id.*

This standard is somewhat relaxed with respect to pro se litigants. *Simmons v. Gilmore*, No. 2:17-CV-00996, 2021 WL 1215773, at *8 (W.D. Pa. Mar. 31, 2021) (citing *Anderson*, 477 U.S. at 256). Where a party is representing himself pro se, the complaint is to be construed liberally. *Renchenski*, 622 F.3d at 337. A pro se plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g.*, *Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). At the summary judgment stage of the proceedings, the Court need not credit bald assertions or legal conclusions

unaccompanied by evidentiary support.  *Jones,* 214 F.3d at 407.  "[A] pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment."  *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017).

## IV.  Discussion

Defendants move for partial summary judgment.  ECF Nos. 50-51. Specifically, they move for summary judgment on all claims against Defendant Irwin, on the issue of exhaustion against Defendants Himes, Yount, Young, Walker, Richards, Slother, Hanes, and Coyle, and on any Eighth Amendment claims based on either verbal harassment or deprivation of food.  *Id.*  To make the record clear, the Court also discusses the claims not covered by Defendants' partial motion.

### a.  Excessive Force and Sexual Assault – Extraction Team

Conway brings claims of excessive force and sexual assault against Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock (the "Extraction Team").  He alleges the Extraction Team used excessive force against him in a cell extraction on February 8, 2024 and caused him bodily harm.  ECF No. 32 at ¶¶ 19-25.  He also alleges Defendant Guarnieri sexually assaulted him during the cell extraction, *Id.* at ¶¶ 24-25, and that Defendant Feldor turned a blind eye to the situation.  *Id.* at ¶ 25.

Defendants do not move for summary judgment on any claims of excessive force or sexual assault related to the February 8, 2024 cell extraction against the Extraction Team.  *See generally*, ECF Nos. 50-51.  Defendants also note that they do

not argue that Conway failed to exhaust either his excessive force or sexual assault claims against these Defendants.  ECF No. 51 at pg. 4, n. 1.

Accordingly, Conway's claims against Defendants Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock for sexual assault and excessive force will survive summary judgment.

### b. Defendants Crose and Lowe

As stated above, the Court is construing the Second Amended Complaint as bringing claims against Crose for excessive force and retaliation, and against Lowe for retaliation.  *See* ECF No. 32 at ¶¶ 15-19.

Defendants do not move for summary judgment on any claims against Crose and Lowe.  *See generally* ECF Nos. 50-51.  In fact, Defendants only address Crose to say that Conway included him in Grievance # 1073594 – so they are not challenging him on the basis of exhaustion – and do not address Lowe *at all* in their briefing. ECF No. 51 at 7.  The Court declines to address these claims *sua sponte* under § 1997e(c) and § 1915(e)(2).  Accordingly, Conway's claims against Crose and Lowe will survive summary judgment.

### c. Defendant Irwin

Defendants next move for summary judgment on all claims against Defendant Irwin, then-Superintendent of SCI-Forest, both on the merits and for failure to exhaust.  ECF No. 51 at 14.  Defendants argue summary judgment should be granted in their favor because the limited allegations against Irwin are neither sufficient to establish personal involvement nor supervisory liability.  *Id.*  The Court

agrees.  As Conway's claims against Irwin fail on the merits, the Court does not address Defendant's exhaustion argument.

Defendant Irwin is the former Superintendent of SCI-Forest.  Conway's allegations against Irwin in the Second Amended Complaint are limited to one sentence – "Plaintiff not only notified Security but also sent the Superintendent R. Irwin a request slip pertaining to the incident that occurred on 2/8/24."  ECF No. 32 at ¶ 45.  Conway elaborates in his Opposition brief that he believes Irwin should be responsible for the lost interview for Grievance # 1073594 as the Superintendent, and that Irwin conspired to cover up the incidents by signing off on untrue documents and fabricating statements.  ECF No. 66 at 6-7.  However, none of these allegations appear in the Second Amended Complaint.  *See generally*, ECF No. 32.

Summary judgment is appropriate here because Conway has not established Irwin's personal involvement.  To prevail on a claim pursuant to § 1983, a plaintiff must prove that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right.  *Gould v. Wetzel*, 547 F. App'x 129 (3d Cir. 2013).  "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).  In the absence of specific allegations that a defendant played a

role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Williams v. City of York, Pennsylvania*, 967 F.3d 252, 261 (3d Cir. 2020).

Conway's allegation that he notified Irwin via a request slip about the events is insufficient to show that Irwin had any personal involvement in the activities from February 8, 2024 – February 12, 2024. *See Walker v. Glunt,* 654 F. App'x 531, 533 (3d Cir. 2016) (granting summary judgment for defendants on personal involvement because plaintiff "only broadly alleged that Braumbaugh received his 'request slip' after the incident but did not respond. [Plaintiff] has not alleged Braumbaugh's knowledge and acquiescence with the required particularly, nor has [Plaintiff[ offered evidence tending to show that Braumbaugh had the necessary level of involvement in the underlying allegedly unconstitutional conduct for the claim against him to survive summary judgment"); *Washington v. Wetzel*, No. CV 18–1390, 2022 WL 1782509, at *6 (W.D. Pa. June 1, 2022), *aff'd*, No. 22-2182, 2024 WL 5154024 (3d Cir. Dec. 18, 2024) ("Informing Defendant Buzas about these discrete incidents that already happened via a request slip does not establish personal involvement in the underlying action on the part of Buzas").

Nor is this allegation sufficient for Irwin to be held liable as a supervisor. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *cert. granted, judgment rev'd on other grounds, Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be held liable if he "participated in violating the plaintiff's rights, directed others to violate them, or, as

the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 & n. 5 (3d Cir. 2010) (citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207). The plaintiff's allegations must describe the defendant's participation in or acquiescence in the wrongful conduct. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Constructive knowledge is not enough; the defendant must have actual knowledge of the conduct. *Id.* Second, a supervisor may be liable if "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K.,* 372 F.3d at 586; *see also Santiago*, 629 F.3d at 129 n.5.

Here, the Defendants, as the moving party, have met their burden. They correctly argue the only allegation directed against Irwin – that Conway "sent [him] a request slip pertaining to the incident that occurred on 2/8/24," – is "not sufficient to establish the necessary personal involvement of a supervisory official" because he does not allege Irwin was involved in, had actual knowledge of, or acquiesced to the various events in the Second Amended Complaint from February 2024. ECF No. 51 at 15 (citing ECF No. 32 at ¶ 45).

Because the Defendants met their burden, Conway, as the non-moving party, must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the Defendants and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).  As the non-moving party, Conway "cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  *Drumg*o *v. Funk*, No. 3:20-cv-01829, 2024 WL 3489849, at *3 (M.D. Pa. July 19, 2024) (quoting *Pastore v Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511-12 (3d Cir. 1994)).

Conway's argument in his Opposition that Irwin conspired to cover up the February 2024 incidents is not enough to show that Irwin had any personal involvement or supervisory liability in the conduct.  Conway has not pointed to concrete evidence in the record establishing that Irwin played an "affirmative part" or had any personal involvement in the events in February 2024.  *See Williams*, 967 F.3d at 261; *Chinchello v Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

Accordingly, Defendants' Motion for Summary Judgment on all claims against Defendant Irwin is GRANTED.

### d.  Exhaustion – Defendants Himes, Yount, Young, Walker, Richards, Hanes, Coyle, Slother

Defendants argue Conway has only partially exhausted his claims against Himes and has failed to exhaust any of his claims against Defendants Yount, Young, Walker, Richards, Hanes, Coyle, and Slother.  ECF No. 51 at 3-9.

Any merits challenges will be discussed later in the Opinion.  Defendants challenge the allegations against Himes, Yount, Young, Walker, and Richards at least partially on the merits, but do not challenge the allegations against Hanes, Coyle, and Slother on the merits.  *See generally*, ECF No. 51.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  As explained by the Court of Appeals:

> The exhaustion mandate is a "centerpiece" of the statute, *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006), that serves three important statutory goals: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits, *Spruill [v. Gillis]*, 372 F.3d [218,] 230 [3d Cir. 2004].  The PLRA requires "proper exhaustion," *Woodford*, 548 U.S. at 92, which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Downey v. Pennsylvania Dep't of Corrections*, 968 F.3d 299, 305 (3d Cir. 2020) (quoting *Woodford*, 548 U.S. at 88).  The only limit on § 1997e(a)'s mandate is that "administrative remedies must be available to the prisoner" as both a formal and practical manner. *Id.* (citing *Ross v. Blake*, 578 U.S. 632, 641-42 (2016)).

*Talley v. Clark*, 111 F.4th 255, 262 (3d Cir. 2024).  An administrative remedy is unavailable, and administrative exhaustion is excused, when it "operates as a simple dead end(,) . . . is so opaque that it becomes, practically speaking, incapable of use, or when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.' " *Downey*, 968 F.3d at 305 (quoting *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019)) (cleaned up).  "Just as inmates must properly exhaust administrative remedies per the prison's grievance procedures, prison officials must strictly comply with their own policies."  *Id.*  In these situations, "[w]hat is good for the goose is

good for the gander," and "as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement." *Shifflett*, 934 F.3d at 335, 367.

The prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Spruill v. Gillis*, 372 F.3d 218, 230–31 (3d Cir. 2004) (explaining that "prison grievance procedures supply the yardstick for measuring procedural default."). The procedural requirements for exhaustion in each case "are drawn from the policies of the prison in question rather than from any free-standing federal law." *Shifflett*, 934 F.3d at 364. Proper exhaustion requires full compliance with the prison's deadlines and procedures, and an untimely or procedurally defective grievance or appeal does not satisfy the PLRA and precludes a prisoner from subsequently filing his claims in federal court. *Spruill*, 372 F.3d at 231; *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000).

It is not the plaintiff's burden to demonstrate exhaustion. *Jones*, 549 U.S. at 216 (holding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). The failure to exhaust must be asserted and proven by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The relevant Pennsylvania Department of Corrections ("DOC") policy here is DC-ADM 804,[3] which governs the grievance and appeals process in Pennsylvania correctional institutions. According to DC-ADM 804, "every individual committed to [DOC] custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement. For every such issue, there shall be a forum for review and two avenues of appeal." DC-ADM 804 at p.1.

The DC-ADM 804 Inmate Grievance System sets forth three separate stages: First, the prisoner must timely submit a written grievance for review by the facility grievance coordinator using the approved form within fifteen working days of the incident, at which time the facility coordinator will assign a tracking number to the grievance and respond within fifteen business days. DC-ADM 804 §§ 1.A, C. The Inmate Grievance System provides that the grievance must include "a statement of facts relevant to the claim" and shall include, *inter alia*, "the date, approximate time, and location of the event(s) that gave rise to the grievance," "shall identify individuals directly involved in the events," and "shall specifically state any claims he wishes to make concerning violation of Department directives, regulations, court orders, or other law." DC-ADM 804 §1.A.11.

At the second stage in the DC-ADM 804 Inmate Grievance System, the inmate must timely submit a written appeal within fifteen working days from the

---

[3]    *See* DC-ADM 804 Policy Statement, available online at:
https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/804%20Inmate%20Grievances.pdf (effective May 1, 2015) (last visited December 29, 2025).

initial review, and again the inmate will receive a written response thereto within fifteen working days. *Id.* at § 2.A. Lastly, the inmate must submit a timely appeal for final review to SOIGA within fifteen working days, and the inmate will receive a final determination in writing within thirty days thereafter. *Id.* at § 2.B. An inmate appealing a grievance to final review must provide SOIGA with the following documentation: (1) a legible copy of the Initial Grievance; (2) a copy of the initial review response/rejection and/or remanded initial review response/rejection; (3) a legible copy of the Inmate Appeal to the Facility Manager; (4) a copy of the Facility Manager/designee's decision and/or remanded Facility Manager/designee's decision; and (5) a written appeal to the SOIGA. *Id.* at §§ 2.B.1.j.1-5. DC-ADM 804 further provides that "failure to provide any of the documentation noted above may result in the appeal being dismissed[.]" *Id.* at §2.B.1.j.6.

The Parties do not dispute that Conway filed several grievances, including Grievance # 1073594 (dated Feb. 9, 2024). *See* ECF No. 53-5 at 2-15. *See also* ECF No. 52 at ¶¶ 34-52; ECF No. 67 at ¶¶ 34-52. As set forth previously, this grievance deals with the allegations from February 8, where Conway alleged retaliation, threats, name calling, denial of meals, excessive force, and assault. *Id.* The Parties also do not dispute that Conway appealed Grievance # 1073594 through the final appeal. ECF No. 52 at ¶¶ 42-44; ECF No. 67 at ¶¶ 42-44.

Instead, Defendants argue Grievance # 1073594 is insufficient for exhaustion because it does not include any allegations against Defendants Yount, Young, Walker, Richards, Hanes, Coyle, and Slother, and only certain allegations against

Himes.  ECF No. 51 at 7.  The Court notes that indeed, Grievance # 1073594

primarily discusses Defendant Mowrey's actions on February 8, 2024, and does not

include any allegations from February 9 or February 12.  ECF No. 53-5 at 2.

Conway responds that despite the face of Grievance # 1073594, he fully

exhausted each of his claims against these Defendants because he supplemented

the grievance through a video interview.  ECF No. 66 at 2-6.  He argues he

discussed each of these Defendants' actions in more detail on video with

Lieutenants Hollis and Kopchick[4] during an investigation into Grievance #

1073594.  *Id.*  In Conway's Appeal to the Superintendent for Grievance # 1073594,

he says the Investigators told him he could give a verbal statement on the events of

February 8, 2024 and the February 12, 2024 hospital trip and that it would be part

of the Grievance record.  ECF No. 53-5 at 11.  He names each of these Defendants in

his Appeal to the Superintendent, saying he discussed them all in his video

interview, including Defendants Richards and Walker, which he alleges violated his

rights on a different day, February 9, 2024.  *Id.*  Conway also says the interviewers

"promise[d]" him that the video is part of his statement/grievance.  *Id.*  Defendants

did not respond to this argument.

Notably, this video interview is not in the current record.  Conway began

asking for this video in his Appeal to the Superintendent on April 29, 2024.  ECF

No. 53-5 at 11.  Conway has filed two discovery motions and a motion for spoliation

---

[4]    Lieutenants Hollis and Kopchick are not parties to this action.

about this video.  *See* ECF Nos. 36, 46, 72.  In response, Defendants represented they have produced all available video evidence.  ECF Nos. 43, 48, 75.

As discussed above, prison officials can "thwart" inmates from taking advantage of a grievance process through "machination, misrepresentation, or intimidation."  *Downey*, 968 F.3d at 305.  *See also Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002) (misleading or clearly erroneous statements can render a grievance process unavailable).  The Third Circuit Court of Appeals established a two-part test for when an inmate's use of the grievance process is thwarted by misrepresentation.  *Hardy v. Shaikh*, 959 F.3d 578, 590 (3d Cir. 2020) (finding that all "available" remedies were exhausted because the prison "provided misleading instructions on which a reasonable inmate would rely and on which the undisputed record shows Hardy did rely to his detriment").  First, as an objective matter, the instruction "must be of the sort that a reasonable inmate would be 'entitled to rely on,' even though it is 'at odds with the wording' of the grievance process.'"  *Id.* at 588 (citing *Brown v. Croak,* 312 F. 3d 109, 112 (3d. Cir. 2002).  At this first step, the instruction must also "be so misleading to a reasonable inmate to interfere with his use of the grievance process."  *Id.*

Next, at the second step and as a subjective matter, the inmate "must persuade the district court that he in fact did rely on the misrepresentation to his detriment."  *Id.*  Documents, affidavits, or live testimony may be warranted.  *Id.* (citing *Rinaldi v. U.S.*, 904 F.3d 257, 268-69 (3d. Cir. 2018).

23

There are several material factual disputes here surrounding exhaustion. It is not clear whether Conway supplemented his Grievance with the video interview. It is not clear whether he incorporated all of the events of February 8-12, 2024 in the supplement, as the initial grievance only dealt with February 8, 2024 and it is unclear from Conway's recounting of the facts whether his interview incorporated his allegations against Defendants Richards and Walker. It is also not clear at this time whether a video interview is even a permissible way to supplement his grievance, or whether he was misled by representations of prison officials into thinking his statements in the interview were a permissible supplement.

Since more information is needed, this exhaustion question cannot be decided at this stage and an evidentiary hearing is needed. *See West v. Emig*, 787 F. App'x 812 (3d Cir. 2019) (vacating the district court's decision to grant summary judgment on defendants' exhaustion defense when there was a material issue of fact and remanding with instructions that it may hold an evidentiary hearing on that defense). Exhaustion-related evidentiary hearings are often referred to as *Small* hearings, pursuant to *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013), where the Court stated factual disputes related to exhaustion should be resolved by the court rather than a jury.

It will be necessary for the Court to conduct a *Small* evidentiary hearing to resolve disputes of facts relevant to exhaustion. *See DuBoise v. Woods*, No. 1:19-CV-00007, 2020 WL 437706, at *7 (W.D. Pa. Jan. 9, 2020), *report and recommendation adopted,* No. 1:19-CV-7, 2020 WL 435918 (W.D. Pa. Jan. 28, 2020) (denying

summary judgment and scheduling a *Small* evidentiary hearing to decide factual dispute surrounding exhaustion); *Fahey v. Sacks*, No. CV 15-431, 2018 WL 1509023, at *5 (W.D. Pa. Mar. 27, 2018) (denying summary judgment and scheduling a *Small* evidentiary hearing because plaintiff "produced evidence that the full administrative remedy process may not have been available to him").  *See also Hasbajrami v. Hill,* No. 1:20-CV-00220, 2022 WL 486617, at *6 (W.D. Pa. Feb. 17, 2022) (explaining evidentiary hearing pursuant to *Small* necessary to sufficiently develop the record on exhaustion); *Freeman v. Wetzel*, No. 17-1506, 2020 WL 6730897, at *10 (W.D. Pa. Aug. 6, 2020), *report and recommendation adopted*, No. 2:17-CV-1506, 2020 WL 5362050 (W.D. Pa. Sept. 8, 2020) (explaining evidentiary hearing was necessary to determine exhaustion factual dispute).

Accordingly, Defendants' Motion for Summary Judgment as to Conway's failure to exhaust claims against Himes, Yount, Young, Walker, Richards, Hanes, Coyle, and Slother is denied <u>without prejudice</u> to reassert after the *Small* evidentiary hearing.

### e. Verbal Harassment – Mowrey, Yount, Himes, Young, Walker, and Richards

Defendants argue summary judgment should be granted in their favor on any of Conway's Eighth Amendment claims of verbal harassment by Defendants Mowrey, Yount, Himes, Young, Walker, and Richards.  ECF No. 9-12.  Defendants do not move to dismiss any of Conway's First Amendment Retaliation claims against Defendants Mowrey, Yount, or Himes, to the extent they are based on his

claims of verbal harassment nor any claims of defamation/libel. *Id.* Conway does not address this except to reiterate his allegations. ECF No. 66 at 2-6.

In the Second Amended Complaint, Conway alleges Defendants Mowrey and Yount verbally harassed him in retaliation for filing grievances. ECF No. 32 at ¶¶ 5-7. Conway also alleges Defendants Himes, Young, Walker, and Richards each labeled him as either a "rat" or a "snitch." *Id.* at ¶¶ 9, 12-13, 30-31. He alleges Defendant Himes labeled him as a "rat" in retaliation for filing "paperwork," but does not allege the other Defendants were acting in retaliation. *Id.* at ¶¶ 11-13.

As to Defendants Mowrey and Yount, summary judgment will be granted to Defendants on any Eighth Amendment claims. It is well-established that "verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment." *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006). *See also Pena v. Clark,* 21-2931, 2022 WL 897037, at *2 (3d Cir. Mar. 28, 2022) (granting summary judgment to defendants on Eighth Amendment claim based on verbal harassment) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment")).

Summary judgment will also be granted to Defendants on any Eighth Amendment claims against Defendants Himes, Young, Walker, and Richards based on allegations they labeled Conway as a "rat" or a "snitch." Being "labeled a 'snitch' or a 'rat' can be a dangerous designation in prison." *Jackson v. O'Brien,* No. 1:18-CV-00032, 2021 WL 3174687, at *4 (W.D. Pa. July 27, 2021). *See also Stringer v.*

*Henderson*, No. 21-CV-0547, 2023 WL 8652904, at *7 (W.D. Pa. Dec. 14, 2023)

("[l]abeling an inmate a snitch may give rise to an Eighth Amendment violation if

the prison official acted with deliberate indifference to a substantial risk of harm to

the inmate.") (quoting *Tabb v. Hannah*, No. 1:10-cv-1122, 2012 WL 3113856, at *6

(M.D. Pa. July 30, 2012)).  Defendants argue summary judgment should be granted

in their favor because the record does not show that Conway suffered any harm

from those labels.  ECF No. 51 at 11-12.  Defendants are correct, there must be

some evidence that Conway "suffered any harm from other inmates as a result of

the labelling." *Moore v. Wetzel*, No. CIV.A. 14-1709, 2015 WL 7163114, at *4 (W.D.

Pa. Nov. 13, 2015).  *See also Hudson v. Kennedy,* 2013 WL 4778700, at *10 (W.D.Pa.

Sept. 5, 2013) ("[T]he fear of assault has been held to be insufficient to state a

cognizable Eighth Amendment failure to protect claim").  Here, there is no evidence

in the record Conway suffered harm from being labeled as a "rat" or a "snitch." *See*

*generally*, ECF Nos. 52, 67.  Summary judgment on all Eighth Amendment claims

based on verbal harassment will be GRANTED to Defendants.

However, since Defendants do not move for summary judgment on Conway's

retaliation claims against Mowrey, Yount, and Himes – which are based, in part, on

claims of verbal harassment or being labeled a "rat" – those claims will move

forward pending the *Small* exhaustion evidentiary hearing.  Conway's

defamation/libel claims against Himes, Walker, Young, and Richards are also based

on them labeling him as either a "rat" or a "snitch," and Defendants do not move for

summary judgment on the defamation/libel claims.  Accordingly, those claims will

move forward pending the *Small* exhaustion evidentiary hearing. The Court declines to address these *sua sponte* under § 1997e(c) and § 1915(e)(2).

### f. Deprivation of Food – Defendants Mowrey, Himes, and Yount

On the merits, Defendants also seek summary judgment on Conway's Eighth Amendment cruel and unusual punishment claims against Defendants Mowrey and Himes for denying him two meals on February 8, 2024. ECF No. 51 at 13-14. While Defendants do not include Defendant Yount in their argument, the Court will *sua sponte* address Conway's Eighth Amendment cruel and unusual punishment claim against Defendant Yount under § 1997e(c) and § 1915(e)(2) here. Defendants do not move to dismiss Conway's retaliation claims against these Defendants nor the conspiracy claims against Mowrey and Yount, to the extent the claims are based on the deprivation of food.

Conway alleges Mowrey, Himes, and Yount were retaliating against him for filing grievances against Mowrey. ECF No. 32 at ¶¶ 1-13. One of those retaliatory actions was they denied him lunch and dinner, respectively, on February 8, 2024. *Id.* at ¶¶4-8, 10. Conway alleges denying him food was part of a larger pattern of retaliation that day, which also included Mowrey and Yount threatening him with violence, and Himes calling him a "rat." *Id.* at ¶¶ 1-13.

Defendants argue summary judgment should be granted in their favor because depriving him of two meals does not rise to the level of cruel and unusual punishment. ECF No. 51 at 13 (citing *Newmones v. Ransom*, No. 1:21-CV-00276, 2024 WL 624239, at *5 (W.D. Pa. Feb. 14, 2024) (determining allegations the inmate-plaintiff "was denied meals over the course of . . . two and one-half days do

not rise to the level of cruel and unusual punishment")).  Defendants also argue
Conway does not allege, nor does the record contain, any evidence Conway suffered
ill health effects from missing the meals.  *Id.* (citing *Lindsey v. Shaffer*, 411 F.App'x
466, 468 (3d Cir. 2011) ("The critical issue for Eighth Amendment purposes is . . .
whether the alleged [deprivation] has somehow harmed the prisoner").  Conway
does not respond directly to Defendants' arguments in his Opposition except to
recount the facts from the Second Amended Complaint.  ECF No. 66 at 1-2, 4.

The Eighth Amendment's prohibition of cruel and unusual punishment
imposes constitutional limitations on a prisoner's conditions of confinement.  *See
Rhodes v. Chapman*, 452 U.S. 337 (1981); *Graham v. Connor*, 490 U.S. 386 (1989);
*Wilson v. Seiter*, 501 U.S. 294 (1991).  To state a viable conditions of confinement
claim, the plaintiff must: (1) allege a deprivation that is "objectively, sufficiently
serious"; and (2) show that the prison official "ha[s] a sufficiently culpable state of
mind."  *Beers-Capitol v. Whetzel*, 256 F.3d 120,125 (3d Cir. 2001) (*quoting Farmer v.
Brennan*, 511 U.S. 825, 834 (1994)) (quotation marks and citations omitted).

The Court agrees with Defendants – deprivation of two meals does not rise to
the level of an Eighth Amendment claim.  *See Ball v. Struthers*, 2012 WL 2946785,
at \*13 (M.D. Pa. July 19, 2012) ("purported deprivation of a single meal is not of
such magnitude as to rise to the level of a constitutional violation"); *Newmones v.
Ransom*, 1:21-CV-00276, 2024 WL 624239, at \*4 (W.D. Pa. Feb. 14, 2024) (granting
summary judgment because deprivation of meals for two days does not rise to the
level of an Eighth Amendment conditions of confinement claim).  Accordingly,

29

Summary Judgment will be GRANTED to Defendants for Conway's Eighth Amendment claims based on deprivation of meals.

As Defendants did not move for summary judgment on Conway's retaliation or civil conspiracy claims, the Court notes Conway's claims for retaliation against Mowrey, Himes, and Yount, and Conway's conspiracy claims against Mowrey and Yount – to the extent they are based in part on the deprivation of meals – remain active in the case pending the *Small* exhaustion evidentiary hearing.  The Court declines to address these *sua sponte* under § 1997e(c) and § 1915(e)(2).

## V.    Conclusion

The Defendants' Partial Motion to Dismiss is granted in part and denied in part as set forth above and in the chart below.  As noted previously, summary judgment is also granted to Defendants as to all claims against Defendant Irwin.

| Claim | Defendant | SJ granted to Defendants | SJ denied w/out prejudice pending the *Small* hearing | Survive summary judgment in all respects |
|---|---|---|---|---|
| Deliberate Indifference (Verbal Harassment) | Mowrey, Yount, Himes, Young, Walker, Richards | Mowrey, Yount, Himes, Young, Walker, Richards | Yount, Himes, Young, Walker, Richards | |
| Failure to Protect | Hanes, Coyle | | Hanes, Coyle | |
| Retaliation | Mowrey, Yount, Himes, Young, Crose, Lowe | | Yount, Himes, Young | Mowrey, Crose, Lowe |
| Civil Conspiracy | Mowrey, Yount | | Yount | Mowrey |

| | | | | |
|---|---|---|---|---|
| Cruel & Unusual Punishment (Deprivation of Food) | Mowrey, Yount, Himes | Mowrey, Himes | Yount | |
| Sexual Assault | Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock | | | Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, Babcock |
| Excessive Force | Crose, Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, and Babcock, Slother | | Slother | Crose, Feldor, Blum, Barger, Munksgard, McCracken, Rankini, Guarnieri, Babcock |
| Defamation/Libel | Himes, Young, Walker, Richards | | Himes, Young, Walker, Richards | |

An appropriate Order will be issued. By separate Order, the Court will schedule a conference with the Parties to discuss the *Small* evidentiary hearing prior to setting a hearing date.

DATED this 29th day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC:  CHRISTOPHER CONWAY
     LK4896
     SCI FOREST
     P.O. Box 307
     286 Woodland Drive
     Marienville, PA 16239

     All counsel of record, *via ECF*